UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § § | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC | § § § | JURY TRIAL REQUESTED |
| Defendant. | § § | |

**PLAINTIFF MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC's ORIGINAL COMPLAINT**

Plaintiff Mobile Telecommunications Technologies, LLC ("MTEL" or "Plaintiff") files this complaint against Samsung Telecommunications America, LLC ("Samsung") for infringement of U.S. Patent Nos. 5,809,428 (the "'428 Patent"), 5,754,946 (the "'946 Patent"), and the 5,894,506 (the "'506 Patent") pursuant to 35 U.S.C. § 271 and alleges as follows.

**THE PARTIES**

1. Plaintiff MTEL is a Delaware corporation with its principal place of business at 1720 Lakepointe Drive, Suite 100 Lewisville, TX 75057.

2. MTEL owns a portfolio of patents developed by Mobile Telecommunication Technologies Corp. ("MTEL Corp.") and its related entities, such as Destineer and SkyTel Communications.

3. MTEL Corp. was a pioneer in wireless communications and is credited with launching the world's first two-way wireless paging service, dubbed SkyTel 2-Way.

4. Samsung Telecommunications America, LLC, is wholly owned by Samsung Electronics Company, Ltd. and is a limited liability company duly organized and existing under the laws of the state of Delaware, with its principal place of business at 1301 East Lookout

Drive, Richardson, Texas 75082.  Samsung may be served with process by serving Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. This Court has personal jurisdiction over Samsung under the laws of the State of Texas, including the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

7. Plaintiff incorporates all statements of jurisdiction in the preceding paragraphs.  In addition to the continuous and systematic contacts that Samsung has with Texas, including the principal office of Samsung Telecommunications America, LLC, in Texas, and the multi-billion dollar investment Samsung has made into manufacturing in Texas, the causes of action against Samsung in this Complaint arise from or are connected with purposeful acts committed by Samsung in Texas.  Samsung has conducted and continues to conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, or advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use products or services in Texas that infringe the '428 Patent, the '946 Patent, and the '506 Patent, or knowingly contributes to or induces infringement of the '428 Patent, the '946 Patent, and the '506 Patent.

## THE PATENTS-IN-SUIT

8. On September 15, 1998, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,809,428, titled "Method and Device for Processing Undelivered Data Messages in a Two-Way Wireless Communications System," after a full and

fair examination.  A true and correct copy of the '428 Patent is attached hereto as Exhibit A.  Plaintiff is the assignee of all right, title and interest in and to the '428 Patent and possesses the exclusive right of recovery under the '428 Patent, including the exclusive right to recover for past and future infringement of the '428 Patent.  The '428 Patent is valid and enforceable.

9. The '428 Patent claims, *inter alia*, methods, systems, and devices for storing undeliverable messages, such as e-mail and SMS messages.

10. On May 19, 1998, the USPTO duly and legally issued United States Patent No. 5,754,946 titled "Nationwide Communication System," after a full and fair examination.  A true and correct copy of the '946 Patent is attached hereto as Exhibit B.  Plaintiff is the assignee of all right, title and interest in and to the '946 Patent and possesses the exclusive right of recovery under the '946 Patent, including the exclusive right to recover for past and future infringement of the '946 Patent.  The '946 Patent is valid and enforceable.

11. The '946 Patent claims, *inter alia*, devices and networks that provide for the transmission of unreceived portions of a message.

12. On April 13, 1999, the USPTO duly and legally issued United States Patent No. 5,894,506 titled "Method and Apparatus for Generating and Communicating Messages Between Subscribers to an Electronic Messaging Network," after a full and fair examination.  A true and correct copy of the '506 Patent is attached hereto as Exhibit C.  Plaintiff is the assignee of all right, title and interest in and to the '506 Patent, including the exclusive right to recover for past and future infringement of the '506 Patent.  The '506 Patent is valid and enforceable.

13. The '506 Patent claims, *inter alia*, an electronic messaging network comprising an network operations center and message terminals, including memory for storing

corresponding files of canned messages and associated message codes, which improves message compression and conserves communications link capacity.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

14. Plaintiff reincorporates Paragraphs 1 through 13 as though fully restated herein.

15. Samsung, without authorization or license, has been and is now directly and/or indirectly infringing multiple claims of the '428 Patent, the '946 Patent, and the '506 Patent (together, the "Patents-in-Suit"), in violation of 35 U.S.C. § 271 as stated below. Samsung's infringement has been willful at least since its knowledge of the Patents-in-Suit.

16. Samsung's customers are likewise direct infringers of the Patents-in-Suit when Samsung's customers use Samsung's products and services.

## INFRINGEMENT OF U.S. PATENT NO. 5,809,428

17. Samsung has directly infringed and will continue to directly infringe claims of the '428 Patent by making, using, selling, offering to sell, and/or importing in the United States networks that provide Samsung's ChatON communication service and other messaging services, including MMS text messaging services, XMPP-based messaging services and email services such as Hotmail and Microsoft Exchange and other email and messaging solutions and apps provided by or through Samsung's App Store or the Google Play App Store (collectively, "Messaging Services"). The networks include one or more Messaging Services network operations centers provided by or through Samsung's mobile units that embody or practice the method of at least one claim of the '428 Patent. Samsung's mobile units with Messaging Services include without limitation the Samsung "Galaxy" series of mobile devices.

18. Samsung directly infringes and will continue to directly infringe claims of the '428 Patent by importing, making, or selling in the United States mobile units compatible with Messaging Services that embody the claims of the '428 Patent and/or practice the methods of the

'428 Patent. Infringing mobile units with compatible Messaging Services include without limitation Samsung-branded mobile phones and tablets, (*e.g.*, the Samsung "Galaxy" series of mobile devices).

19. End users use infringing mobile units enabled by Messaging Services and such mobile units embody claims of the '428 Patent and/or practice methods of the '428 Patent. Such use by the end users is direct patent infringement of the '428 Patent. Samsung has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement and by providing infringing mobile units and compatible Messaging Services preinstalled and for installation after activation of Samsung-branded mobile devices. The Messaging Services and mobile devices have features relevant to the end users' direct infringement that have no substantially non-infringing uses other than to operate and perform as claimed in the '428 Patent. The Samsung-branded mobile devices are specially enabled for utilizing the Messaging Services. Samsung encourages end users to use the Messaging Services and intends the end users to use its Samsung-branded mobile units enabled with at least one Messaging Service as contemplated by the claims of the '428 Patent.

20. Samsung has had knowledge of the '428 Patent since at least the filing of this action or its service.

## INFRINGEMENT OF U.S. PATENT NO. 5,754,946

21. Samsung directly infringes and will continue to directly infringe by making, using, selling, offering to sell, and/or importing software and equipment in the United States mobile devices using the Android operating system that embody claims and/or practice the methods of the '946 Patent, including but not limited to all versions of the Samsung "Galaxy" series of mobile devices and compatible Messaging Services.

22. End users with mobile devices utilizing the Android operating system Messaging Services on Samsung's mobile units, such as the Samsung "Galaxy" series of mobile devices, are direct infringers of the claims of the '946 Patent by using mobile units that infringe the claims of the '946 Patent. Samsung has and will continue to contribute to and induce the infringement of end users by instructing and otherwise encouraging infringement by end users by providing manuals and similar instructions on the operation of its mobile units and compatible Messaging Services. Samsung instructs end users on ways and methods of retrieving portions of email and other messages. The messaging features utilized by the mobile units to infringe the '946 Patent have no substantial non-infringing uses other than to operate as claimed in the '946 Patent. Samsung intends the end users to use the infringing mobile devices as contemplated by the '946 Patent.

23. Samsung has had knowledge of the '946 patent since at least the filing of this action or its service.

### INFRINGEMENT OF U.S. PATENT NO. 5,894,506

24. Samsung directly infringes and will continue to directly infringe by making, using, selling, offering to sell, and/or importing in the United States Samsung mobile units including cell phones, tablets, and laptops (*e.g.*, the Samsung "Galaxy" series of mobile devices) that embody claims and practice methods of the '506 Patent ("Templated Message Services and Equipment"). Upon information and belief, Samsung's Templated Message Services and Equipment have or transmit templated messages such as meeting requests within calendar functions and are capable of sending other templated messages that infringe the claims of the '506 Patent.

25. End users of Samsung's Templated Message Services and Equipment are direct infringers of the claims of the '506 Patent. Samsung has and will continue to contribute to and

induce the infringement of others of claims of the '506 Patent by instructing and otherwise encouraging infringement of end users by providing manuals and similar instructions on the operation of the Templated Message Services and Equipment. By example, Samsung instructs end users on how to use the calendar features of the device and how to send and receive meeting requests. The material infringing features of Templated Message Services and Equipment have no substantial non-infringing uses other than to operate as claimed in the '506 Patent.

26. Samsung has had knowledge of the '506 Patent since at least the filing of this action or its service.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. That Samsung be adjudged to have infringed the Patents-in-Suit, directly and indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That Samsung, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C. That Plaintiff be awarded damages sufficient to compensate Plaintiff for Samsung's infringement, pursuant to 35 U.S.C. § 284;

D. That Samsung be directed to pay Plaintiff pre-judgment and post-judgment interest and costs for Plaintiff bringing this lawsuit, in accordance with 35 U.S.C. § 284;

E. That Samsung be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F. That Plaintiff receive such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right before a jury.

Dated: April 2, 2013

Respectfully Submitted,

/s/ *Daniel Scardino*
Daniel R. Scardino
Texas State Bar No. 24033165
John L. Hendricks
Texas State Bar No. 00785954
Steven P. Tepera
Texas State Bar No. 24053510
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
jhendricks@reedscardino.com
stepera@reedscardino.com

**ATTORNEYS FOR PLAINTIFF
MOBILE TELECOMMUNICATIONS
TECHNOLOGIES, LLC**