IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § | |
| Plaintiff, | § | |
| v. | § § | Case No. 2:13-cv-259-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § | |
| Defendant. | § | |

# **MEMORANDUM ORDER**

Before the Court is MTEL's Emergency Motion for Claim Construction (Dkt. 51, the "Motion"). MTEL asks the Court to construe the term "retransmission."

MTEL's motion is prompted by the Court's ruling in the parallel Apple case, which was consolidated with this case for pretrial proceedings, including claim construction. In the *Apple* case, defendant Apple filed a motion for summary judgment and contended that the Court was required to weigh in on the meaning of the term "retransmission." (Case. No. 2:12-cv-832, Dkt. 298 at 1-4.) The Court obliged, and ruled:

> Accordingly, the court construes the term "retransmission" to have its plain and ordinary meaning, and further finds that the plain and ordinary meaning of "retransmission" is not so limited as to require that a retransmission "can only occur after a first transmission of the message from the communications network to the mobile unit."

(Case. No. 2:12-cv-832, Dkt. 384 at 3.) Notably, the dispute in the Apple case was a relatively narrow one: the parties disputed only the plain and ordinary meaning of the singular term "retransmission." At trial, the Court was forced to instruct the jury on the plain and ordinary meaning of the term "retransmission" because Apple's expert stated in no uncertain terms that his analysis was contrary to the Court's finding.

MTEL urges the Court to make the same ruling here. Samsung opposes first on procedural grounds. The parties focus the procedural portion of their briefing on the law of the case doctrine, but the Court observes that delving into those nuances is unnecessary given that the Court has an independent obligation here to construe the claims correctly if a material dispute exists. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

Samsung also opposes MTEL's request on substantive grounds, contending that the construction advanced by MTEL is flawed. But in its briefing on the instant motion, Samsung mischaracterizes MTEL's request: "MTel argues that 'retransmit' never means 'transmit again.'" (Dkt. 63 at 1.) This is strikingly different from this Court's prior ruling, which is what MTEL asks the Court to adopt in its present motion. The Court has never found that "retransmitting" excludes "transmit[ting] again." To the contrary: the Court found that the term carries its plain meaning, but simply rejected the additional limitations (…<u>from the same source to the same destination</u>) urged first by Apple and now by Samsung. To put it differently, MTEL's construction covers a scenario where data is sent from point A to point B and then sent again from point B to point C, while it is Samsung that urges that such an implementation is not "retransmitting." To be clear, the Court does not now hold – and did not hold in the *Apple* case – that the plain and ordinary meaning of the term "retransmit" excludes the scenario outlined by Samsung (and previously Apple), just that the meaning of that term is not limited to only that scenario.

The Court believes it is paramount that the parties receive a correct construction. It is likely unsurprising that the Court believes its narrow finding in the *Apple* case as to the plain

meaning of "retransmission" is correct. As evidenced by the briefing on its motion for summary judgment, Samsung's noninfringement position here is more nuanced than the position presented in the *Apple* case. (*See, e.g.,* Case No. 2:12-cv-832, Dkt. 258 at 8-10.) While that might mitigate the helpfulness of such a construction in this case, the Court finds that a material dispute still exists as to claim scope. Thus, the Court still holds that a "retransmission" is not so limited as to require that a retransmission "can only occur after a first transmission of the message from the communications network to the mobile unit." However, the Court recognizes that the impact of this decision in the *Apple* case was amplified by expert testimony that directly and explicitly conflicted with this ruling, and assuming no such testimony or argument occurs here, a similar jury instruction would not be necessary.

## CONCLUSION

For the reasons set forth above, MTEL's Emergency Motion for Claim Construction (Dkt. 51) is hereby **GRANTED IN PART** as set forth above and **DENIED IN PART** as to any remainder.

**Signed this date.**

**Dec 11, 2014**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE