# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, <br>     Plaintiff, <br> v. <br> SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, <br>     Defendant. | Case No. 2:13-cv-259-RSP |

## **MEMORANDUM ORDER**

Before the Court is Samsung's Motion for Summary Judgment of Non-Infringement on the Basis of Issue Preclusion (Dkt. 62, the "Motion"). Samsung asks for summary judgment based on the jury's verdict of non-infringement of the '506 Patent in the *Mobile Telecommunications Technologies, LLC's v. Apple, Inc.* case, which is Case No. 2:13-cv-258-JRG-RSP on this Court's docket ("Apple case").

An eloquent summary of issue preclusion was authored by Justice Harlan in the landmark case of *Southern P. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897):

> The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question of fact [*49] once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them.

Two factors used to determine whether issue preclusion applies are most relevant here: first, the same issue in the second action must have been actually litigated in the first action, and second, the disposition of that issue must have been finally and actually decided.

Samsung argues first that the identical issue was adjudicated in the Apple case. (Mot. at 7.) The Court disagrees. The question submitted to the jury in the Apple case was whether a number of Apple products infringe the '506 patent. The issue to be decided here is whether a number of Samsung products infringe the '506 patent. The fact that MTEL's infringement theories are similar in the two cases is irrelevant given the drastically different operation of the two company's products. It would have saved countless hours and resources, for both the parties and the Court, to have a joint infringement trial if the question of infringement was truly the same for both Apple and Samsung's products. But (perhaps unsurprisingly), only after Apple succeeded on the '506 patent does Samsung allege that the question of infringement is identical for both parties.

This is not to say that the Court endorses the breadth of the position argued by MTEL and challenged by Samsung, that "the 'exact same product' … need to be accused for issue preclusion to apply." But where there are material differences between the products at issue, as is the case here, the different factual questions lack the "close identity" required for issue preclusion. (Dkt. 84 at 2, *citing Yingbin-Nature (Guangdong) Wood Indus. Co. v. Int'l Trade Comm'n*, 535 F.3d 1322, 1333 (Fed. Cir. 2008).) Accordingly, issue preclusion is inappropriate in this case.

Further, the question of infringement of the '506 patent in the Apple case lacks the finality required for issue preclusion. As Samsung correctly notes, the finality requirement has been relaxed in some narrow circumstances, but still requires – in the words of Wright & Miller

– "practical finality." 18A *Wright, Miller, Cooper, Steinman, Federal Practice and Procedure* §4434 (West Group 4th ed. 2009 & Supp. 2010-14). Samsung cites a number of cases illustrating those exceptions, but cites no case where issue preclusion has been found in a similar procedural posture, and certainly provides no support for its broader proposition that a challenged jury verdict, without more, triggers issue preclusion. *Cf. Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1295 (5th Cir. 1995) (finding issue preclusion appropriate where the predecessor of the party whom issue preclusion was asserted against had "moved the court to accept the jury's verdict and later to enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.") The issue decided in the Apple case lacks the finality required for issue preclusion to apply here. Accordingly, Samsung's Motion for Summary Judgment of Non-Infringement on the Basis of Issue Preclusion (Dkt. 62) is **DENIED**.

**Signed this date.**
**Dec 13, 2014**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE