# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:13-cv-259-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § | |
| Defendant. | § | |

## ORDER

Before the Court is MTEL's Objections to Deposition Testimony Designated by Samsung. MTEL objects to the deposition testimony on a number of grounds, the most salient of which is that the objected-to testimony of inventors is improper expert testimony rather than fact testimony as Samsung alleges.

The Court makes the below rulings keeping in mind the fact that there is no way to draw a clear line on when a inventor testimony is simple factual testimony as opposed to when it becomes expert testimony. When the Court is presented with an objection on these grounds, it must examine the testimony in context and determine whether it is expert testimony. In doing so, a number of patterns emerge. For example, questions that are simply asking a fact witness to take a position on whether a given implementation meets the claim language venture into the realm of infringement expert testimony: "Do you think an ASCII table stored on a device is a file of canned messages and corresponding message codes?" (Pinter Depo. at 35:5-7.) Similarly, asking a fact witness whether a disclosure in a prior art reference is "similar to or the same" as what is in the claims of the patent-in-suit is a question best asked of an invalidity expert. (*Id*. at 58:6-9.) Finally, when a witness admittedly lacks personal knowledge, and is simply interpreting a patent

disclosure on the fly, such testimony must necessarily be expert testimony to be admissible. (*See* Petrovic Depo. at 90:1-5.)

The Court rules as follows:

**Ackerman Deposition**

    Objection Overruled: 73:12-20; 85:2-17

    Objection Sustained: 127:15-19

**Bhagat Deposition**

    Objection Overruled: 60:17-61:13; 109:15-18

    Objection Sustained: None

**Cameron Deposition**

    Objection Overruled: 74:7-16; 85:14-21

    Objection Sustained: None

**Garahi Deposition**

    Objection Overruled: 55:6-13

    Objection Sustained: None

**Petrovic Deposition**

    Objection Overruled: 85:24-86:1; 86:5-7; 86:15-19; 128:2-6; 128:11-17; 128:19-23

    Objection Sustained: 89:17-91:15

**Pinter Deposition**

    Objection Overruled: 34:21-24; 52:20-53:15; 54:19-55:9

    Objection Sustained: 35:5-9; 42:6-43:7; 45:11-20; 45:24-46:12; 55:20-56:4; 57:22-58:11; 61:14-20; 63:8-14; 64:10-15; 66:16-25

The Court understands from the pretrial conference conducted on December 9, 2014 that the parties reached agreement that MTEL's counter designations would be admitted upon admission of Samsung's designations. The parties are directed to meet and confer regarding the final deposition excerpts that will be played or read at trial.

**Signed this date.**

**Dec 13, 2014**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE