IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-259-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

This case arises from Mobile Telecommunications Technologies, LLC's ("MTel") claim that Samsung Telecommunications America, Inc. infringed two patents owned by MTel. After a four-day trial, the jury found that Samsung did not infringe the asserted patents. (Doc. No. 107.) Pending before the Court is MTel's Renewed Motion for Judgment as a Matter of Law Regarding Infringement and Alternative Motion for New Trial. (Doc. No. 126.)

**I.  JUDGEMENT AS A MATTER OF LAW OR NEW TRIAL**

**A.  APPLICABLE LAW**

"No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). The court may grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "The court may . . . grant a new trial on all or some of the issues— and to any party—as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).

This Court applies Fifth Circuit precedent to determine whether it should grant judgment as a matter of law or a new trial in a patent case. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1346–47 (Fed. Cir. 2012); *see also Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1106 (Fed. Cir. 2003) ("Thus for questions relating to Rule 50 motions generally, this court has applied regional circuit law.").

The Fifth Circuit has held that granting judgment as a matter of law is proper only when "the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012) (quoting *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229 (5th Cir. 2001)). A court must be "especially deferential" to the jury's verdict, *id.* at 499, and must review all evidence in the record and draw all reasonable inferences in favor of the nonmoving party, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

The Fifth Circuit has also held that "[a] new trial may be granted, for example, if the [] court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). "This standard, of course, is lower than that for a directed verdict or a judgment nonwithstanding the verdict." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). "In making this determination, the [] court weighs all the evidence, but need not view it in the light most favorable to the nonmoving party." *Transworld Drilling*, 773 F.2d at 613.

**B.     ANALYSIS**

MTel asserts that it is entitled to a ruling that Samsung infringed claim 1 of U.S. Patent No. 5,754,946 ("the '946 patent") as a matter of law, or that, in the alternative, it is entitled to a

new trial on infringement of claim 1. (Doc. No. 126 at 23.) MTel asserts that it "met its burden of showing infringement" and "Samsung failed to offer legally sufficient rebuttal evidence." (Doc. No. 126 at 3.) MTel also asserts that Samsung "improperly argued and presented expert testimony" on the scope of claim 1 of the '946 patent at trial. (Doc. No. 126 at 3.)

"Literal infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly." *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996); *Monsanto Co. v. Scruggs*, 459 F.3d 1328, 1334 (Fed. Cir. 2006). "The jury's determination of infringement is a question of fact." *Mirror Words, LLC v. Apple Inc.*, 692 F.3d 1351, 1357 (Fed. Cir. 2012).

The '946 patent recites several claims that cover a two-way system for communication between a network and a mobile unit. ('946 patent, at [57].) Claim 1 of the patent provides:

> 1. A mobile unit for transmitting and receiving radio frequency signals to and from a communications network comprising:
>
> means for receiving a radio frequency message from the network;
>
> a display for displaying said message;
>
> a switch actuatable to specify a portion of the displayed message for which a user desires retransmission from the communications network;
>
> means for transmitting only upon actuation of the switch, a signal to the communications network requesting retransmission of said specified portion of said message; and
>
> means for receiving said specified portion retransmitted from the communications network and for displaying the received specified portion on the display.

('946 patent, at col. 31, l. 63–col. 32, l. 12.) The parties' post-trial dispute focuses on Samsung's noninfringement defense, and whether MTel had shown that Samsung's products have "a switch actuatable to specify a portion of the displayed message for which a user desires

retransmission . . . ." ('946 patent, at col. 32, ll. 3–4. *Compare* Doc. No. 126 at 16; *with* Doc. No. 128 at 9.)

MTel asserts that it presented sufficient evidence of infringement and that Samsung improperly argued that "retransmission" requires "information [that] is retransmitted to the mobile device [to] be the exact information that has been previously transmitted to and displayed by the mobile device." (Doc. No. 126 at 15.) MTel asserts that the Court rejected this interpretation of "retransmission" as "extreme" and "untenable" in a similar case involving the '946 patent. (Doc. No. 126 at 16.)

Samsung asserts that MTel has misstated its noninfringement defense, and that MTel did not prove that Samsung's devices infringed claim 1. Samsung states that it did not argue that its devices do not satisfy "retransmission" but argued that a user cannot "actuate" a "switch" to "specify a portion of the displayed message" as required by the claim. (Doc. No. 128 at 9.) For example, Samsung argued when a person sends an email with an image to a Samsung device the image is first stored on a network server. (Doc. No. 112 at 62:8–21; Doc. No. 112 at 72:16–19 ("[W]hen the email with the attachments goes up to the email server, the server will remove or separate the attachments from the email message, just like it did with – when that email had the image included in the email.").)

The image is "not yet received by the mobile unit" and thus, cannot constitute a "portion of" the "'displayed message' of claim 1." (Doc. No. 128 at 12; Doc. No. 112 at 66:7–10 ("[T]hat show image button is not referring to any part of the message that the user is looking at. That is, it's not referring to a part of the message that being displayed at the time on the user's phone."); Doc. No. 111 at 56:7–14 ("Q: Okay. And nevertheless, it's your theory that when – that the

photographs, for example, if we can remember the last slide, are somehow part of the displayed message? A: They're not part of the displayed message. Q: And they are not a portion of the displayed message, correct? A: They are a portion of the message **which has not been displayed**.") (emphasis added).) Because the image does not form a "portion of a displayed message," a "user" cannot "actuate" a switch to "specify" the image as "the part of the message that's displayed on the screen that the user would like for the network to resend or retransmit." (Doc. No. 128 at 10 (citing Doc. No. 112 at 65:18–24); Doc. No. 112 at 71:9–12 ("In the example that we were looking at, when you push that show image, what is received and displayed has nothing to do with what the user was actually looking at. It's the image that was sitting back at the server.").)

The Court finds a reasonable jury could have agreed with Samsung that its devices do not have "a switch actuatable to specify a portion of the displayed message for which a user desires retransmission from the communication network." ('946 patent, at col. 31, l. 63–col. 32, l. 12.) The Court further finds that Samsung did not argue that "retransmission" requires resending the exact same data. Indeed, Samsung's expert described that type of "retransmission" as "needless." (Doc. No. 113 at 19:5–12 ("[T]he idea was there might be a message delivered to the mobile unit. And the display will illustrate that, and either it's going to be – even if the display has some slight messes in it, it could be that the user will still understand it. And in that case, if the – if there were a retransmission of exactly the same thing or a portion of that thing, that would be needless.").)

Furthermore, ample evidence supports the jury's verdict that MTel failed to show by a preponderance of the evidence that Samsung's devices had "a switch actuatable to specify a portion of the displayed message for which a user desires retransmission . . . ." ('946 patent, at

col. 32, ll. 3–4.) For example, MTel's expert said that under claim 1, the claimed message "needs to be displayed." (Doc. No. 111 at 54:25–55:1.) But MTel's expert agreed that "although the message has been delivered, the attachment has not." (Doc. No. 111 at 55:17–19 ("Q: So just one more time, although the message has been delivered, the attachment is not right? A: That seems to be the case.").)

Finally, the Court rejects MTel's claim that the jury's verdict was unsupported by the evidence because Samsung's expert had conceded infringement. MTel asserts Samsung admitted that it infringed because Samsung's expert said "a portion of the displayed message [the file name] is retransmitted." (Doc. No. 126 at 19 (citing Doc. No. 113 at 27:22–28:14).) The Court finds that a reasonable jury could have found this statement equivocal because the expert said "I would say **if—if that name is—is sent** down with the file . . . that would be a portion of what was displayed." (Doc. No. 113 at 28:6–8; Doc. No. 113 at 27:11–15 ("Q: It would also include an identifier for the file, right? The file name? A: That, I can't answer. Q: Okay. You can't or you don't want to answer? A: I cannot.").)

MTel also asserts that Samsung's expert admitted infringement because he said "that the image is part of the email message and the images are retransmitted to the user device upon user request." (Doc. No. 126 at 19 (citing Doc. No. 112 at 61:21–62:1).) The Court finds that a reasonable jury could have concluded that Samsung's expert did not consider the image a "portion of the displayed message." (Doc. No. 112 at 63:17–21; Doc. No. 113 at 24:9–16 ("A: That indicator is being displayed. Yes. Q: Right. And that indicator is associated with that image, correct? A: It is linked or associated with that image. Yes. Q: And when you press that, you will get that image downloaded to the device, correct? A: You'll get the image. You won't get the indicator.").)

## II. FORFEITURE OF RENEWED JUDGMENT AS A MATTER OF LAW

### A. APPLICABLE LAW

"A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to judgment." Fed. R. Civ. P. 50(a)(2). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

After the court enters judgment "the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). These two sections of Rule 50 are linked because a "motion under Rule 50(b) is not allowed unless the movement sought relief on similar grounds under Rule 50(a) before the case was submitted to the jury." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

### B. ANALYSIS

Samsung asserts that MTel did not comply with Rule 50(a) and did not preserve its right to file a renewed motion for judgment as a matter of law after judgment was entered. Fed. R. Civ. P. 50(b). According to Samsung, MTel did not "specify the judgment sought and the law and facts that entitle the movant to the judgment." (Doc. No. 128 at 2.) MTel asserts that it preserved its right because it objected to the Court's construction of "retransmission" (Doc. No. 130 at 11) and orally moved "for judgment as a matter of law as to no evidence or insufficient evidence of non-infringement of Claim 1 of the '946 patent." (Doc. No. 115 at 90:15–17.)

"The requirement that a party file a motion for JML before the case is submitted to the jury 'serves two basic purposes: to enable the trial court to re-examine the sufficiency of the

evidence as a matter of law if, after verdict, the court must address a motion for judgment as a matter of law, and to alert the opposing party to the insufficiency of his case before being submitted to the jury.'" *Taylor Pub. Co. v. Jostens, Inc.*, 216 F.3d 465, 472 (5th Cir. 2000) (quoting *Polanco v. City of Austin, Tex.*, 78 F.3d 968 (5th Cir. 1995)). "These purposes are met when the court and the [non-moving party] are alerted to the grounds on which the [moving party] contends the evidence is insufficient prior to the submission of the case to the jury." *Taylor*, 216 F.3d at 472 (quoting *Greenwood v. Societe Francaise De*, 111 F.3d 1239 (5th Cir. 1997)).[1]

The Court finds that MTel has satisfied this requirement because the Court and all parties were aware that the third element of claim 1 was the issue on infringement. Indeed, Samsung agreed that "in this particular instance, both you and Mr. Hays agree that Samsung app – Samsung phones and the applications specifically being accused of infringement in this case don't have that third element." (Doc. No. 112 at 67:15–22); *see also Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.*, 81 F.3d 606, 610 (5th Cir. 1996) ("Technical noncompliance with Rule 50(b) may be excused in situations in which the purposes of the rule are satisfied.").

## CONCLUSION

The Court finds that MTel is not entitled to judgment as a matter of law and is not entitled to a new trial on infringement of claim 1 of the '946 patent. MTel's Renewed Motion

---

[1] Neither party addresses whether Fifth or Federal Circuit precedent governs. The Federal Circuit held in *Duro-Last* that its precedent governs the issue of whether a Rule 50(a) motion on inequitable conduct and on the statutory bar preserves a party's right raise a Rule 50(b) motion on obviousness. *Duro-Last*, 321 F.3d at 1106. This dispute raises an analogous problem: whether a patentee's oral statement of "insufficient evidence" to disprove its infringement case meets the Rule 50(a) requirement that the moving party "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a). The Court, however, finds that here, under either Circuit's precedent, where the parties agree that only one element of a claim is in dispute, the moving party's statement of "insufficient evidence" satisfies the notice function of Rule 50.

for Judgment as a Matter of Law Regarding Infringement and Alternative Motion for a New Trial (Doc. No. 126.) is **DENIED**.

      **SIGNED this 10th day of September, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE