**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-cv-259-RSP |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

**MEMORANDUM ORDER**

The Court, after a four-day jury trial, entered judgment for Defendant Samsung Telecommunications America, LLC, holding that Samsung did not infringe two patents owned by Plaintiff Mobile Telecommunications Technologies, LLC ("MTel"). (Doc. No. 106.) Pending before the Court is Samsung's Motion and Memorandum in Support of its Bill of Costs. (Doc. No. 126.) Three disputes on costs remain (1) whether Samsung is the "prevailing party" under Rule 54(d); (2) whether Samsung can recover costs for its claim construction presentation and technical tutorial; and (3) whether Samsung can recover certain document production costs.

**I.      Prevailing party**

MTel contends that Samsung is not the "prevailing party." According to MTel, each party "prevailed" on some of claims since MTel "obtained a jury finding that its patents were not invalid, and [Samsung] obtained a jury verdict of no infringement." (Doc. No. 125, at 1, 2.) Samsung responds that "[t]he binding case law is clear: because [Samsung] obtained a verdict of non-infringement, [Samsung] is the prevailing party." (Doc. No. 127, at 2.)

Rule 54(d) states that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The Federal Circuit has held that in a patent case, "[t]o be a 'prevailing party,' … the

party [must] have received at least some relief on the merits." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). "That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id.* at 1367 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–13 (1992)).

"Rule 54(d) has no special rule or exception for mixed judgment cases, where both parties have some claims decided in their favor." *Shum*, 629 F.3d at 1367. "Thus, even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party.'" *Id.* "For the purposes of costs and fees, there can be only one winner." *Id.* "A court must choose one, and only one, "prevailing party" to receive any costs award." *Id.*

The Court finds that Samsung is the one "prevailing party." Samsung won a judgment of non-infringement which materially altered the legal relationship between MTel and Samsung. *See Shum*, 629 F.3d at 1367. Samsung will benefit from the altered legal relationship because it will not owe MTel any monetary damages and the judgment in Samsung's favor will have res judicata effect in any future action. *See id* at 1368.

In contrast, MTel cannot be the "prevailing party" even though it preserved the validity of its patents. "[I]t is not enough that the issue [of validity] was contested, actually litigated, and ultimately decided in [MTel's] favor." *Id.* at 1369. The finding of validity "also had to confer some material benefit on [MTel]," with respect to Samsung, for MTel to be considered the one "prevailing party." *See id.* at 1369. MTel cannot seriously contend that it obtained any benefit from Samsung with a finding of validity but non-infringement. *See In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1363–64 (Fed. Cir. 2011) (stating "Synopsys is clearly the prevailing

party" after "the district court granted Synopsys's motion for summary judgment of noninfringement on April 15, 2010").[1]

## II.    Claim construction presentation and technical tutorial costs

Samsung asserts that it can "recover the costs associated with the audio and video professional services used in creating [Samsung's] *Markman* presentation and technical tutorial." (Doc. No. 122, at 3.) Samsung contends that its "audio and visual services costs were incurred in connection with preparing both the Court-ordered technical tutorial and [Samsung's] *Markman* presentation, which were reasonably necessary to assist the Court in understanding the issues and, in the case of the tutorial, ordered by the Court." (Doc. No. 112, at 4.)

MTel responds that "[Samsung's] cited Eastern District of Texas cases do not stand for the proposition that costs associated with *any* graphics used in a case are recoverable." (Doc. No. 125, at 4.) MTel argues that Samsung is "request[ing] recovery for Graphic Design and Design Consultant costs incurred in January, February and March of 2014" which was months before the trial. (Doc. No. 125, at 4.) MTel asserts that Samsung has cited authority that "is explicit in only awarding costs for 'the use of technology support *during trial*.'" (Doc. No. 125, at 4.)

In a patent case, regional circuit law controls on the issue of whether certain costs should be awarded to the "prevailing party" under § 1920. *See Ricoh*, 661 F.3d at 1364 ("We apply regional circuit law … in interpreting section 1920."). The Fifth Circuit has held that "federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (quoting *Cook Children's Med. Ctr. v. The New Eng. PPO Plan of Gen. Consol. Mgmt. Inc.,* 491 F.3d 266, 274 (5th Cir. 2007)).

---

[1] To the extent MTel that is requesting a discretionary reduction of costs, the Court finds that MTel has not shown any reason for costs to be reduced.

A court may tax the following as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  28 U.S.C. § 1920.

The Court finds that costs for Samsung's claim construction presentation and technical tutorial cannot be recovered under § 1920. (Doc. No. 122, at 3.)[2, 3] Black's Law Dictionary defines "exemplification" as "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." Black's Law Dictionary 653 (9th ed. 2009); *see* 28 U.S.C. § 1920(4) (permitting recovery of a "fee" for "exemplification" but a "cost" for "making copies"). Samsung has not shown that its claim construction presentation and technical tutorial are "official transcripts of a public record."

This narrow interpretation of "exemplification" finds substantial support in Circuit Court authority. For example, in *Coats*, the Fifth Circuit affirmed a district court's denial of costs for exhibits such as "blow-ups" used at trial and video technician fees. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Similarly, in *Summit Technology*, the Federal Circuit

---

[2] Despite the parties' apparent agreement on this issue the parties' technical tutorials were not "Court-ordered." The Docket Control Order states that the parties shall "Submit Technical Tutorials **(if any)**." (Doc. No. 63, at 3 (2:12-cv-00832-RSP) (emphasis added).) The phrase "if any" is permissive and does not order the parties to provide technical tutorials. (*Cf.* Doc. No. 122, at 3 ("[C]osts were incurred in connection with preparing … the Court-ordered technical tutorial." (citing Doc. No. 63, at 3 (2:12-cv-00832-RSP)).)

[3] Samsung only asserts that "[t]his Court has permitted the recovery of such costs associated with audio and visual services as 'exemplification' costs under § 1920(4)." (Doc. No. 122, at 3.)

applying First Circuit law, held that fees paid to a company that "prepar[ed] trial exhibits, including computer animations, videos, Powerpoint presentations, and graphic illustrations" were not exemplification costs recoverable under § 1920. *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1375 (Fed. Cir. 2006); *see also Kohus v. Toys "R" Us, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002) ("A video obviously is not a copy. Nor is it an exemplification when that term is given its legal definition of '[a]n official transcript of a public record, authenticated as a true copy for use as evidence.'") (quoting Black's Law Dictionary 593 (7th ed. 1999)); *Taniguchi v. Kan Pac. Saipan Ltd.*, 132 S. Ct. 1997, 2006 (2012) ("Our decision is in keeping with the narrow scope of taxable costs.").

## III.    Document production costs

Samsung asserts that it can recover "OCR costs incurred as part of [Samsung's] document production to MTel." (Doc. No. 122, at 5.) MTel responds that the Court's standing order prevents Samsung from recovering these costs. (Doc. No. 125, at 5.) Section 1920 allows the "prevailing party" to recover only the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

Although Fifth Circuit law controls, the Federal Circuit, interpreting Eleventh Circuit law, has provided guidance on when electronic production costs are recoverable as a cost of "making copies." In *CBT Flint*, the Federal Circuit held that "making copies" includes only the electronic document production steps that "are, in fact, necessary to make copies of information required to be produced and not incurred just to make copies for the convenience of the producing party." *CBT Flint*, 737 F.3d at 1330.

The Court finds that Samsung cannot recover its OCR costs because it has not shown that this step was necessary for making copies. Furthermore, neither party has cited Fifth Circuit

authority holding that the Court may award OCR costs under § 1920. This is consistent with the Court's standing order which states: "Electronic discovery costs are generally not allowed, including costs for document collection, document processing, and document hosting." Standing Order at 4.

## CONCLUSION

Samsung's Motion and Memorandum in Support of its Bill of Costs (Doc. No. 126) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court finds that Samsung is the prevailing party and pursuant to § 1920 may recover $146,558.61 in costs from MTel. (Doc. No. 122-4, at 2.) The Court further finds that Samsung may not recover $36,989.19 in costs for graphics services and the OCR of documents. (Doc. No. 122-6, at 1.) MTel is **ORDERED** to comply with this ruling within twenty-one (21) days of this Order's issuance.

**SIGNED this 26th day of September, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE